UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY KELLY, | Case No. 2:13-CV-1859-KJD-NJK |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION; TARGET CORPORATE SERVICES, INC.; et al., | |
| Defendants. | |

Before the Court is a Motion for Summary Judgment (#19) filed by Target Corporate Services, Inc., ("Defendant"). Plaintiff purportedly opposed the motion, but entirely failed to address the facts and arguments asserted by Defendant (##23, 26). Defendant replied (#27).

**I. Legal Standard**

    **A. Summary Judgment**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials of the record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving

testimony, without more, will not create a genuine issue of material fact. See <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. <u>Anheuser Busch, Inc. v. Natural Beverage Distribs.</u>, 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See <u>Celotex</u>, 477 U.S. at 323. Once that burden is met, the nonmoving party then has the burden of setting forth specific facts demonstrating that a genuine issue exists. See <u>Matsushita</u>, 475 U.S. at 587; Fed. R. Civ. P. 56(e). If the nonmoving party fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. See <u>Celotex</u>, 477 U.S. at 322-23.

**B. Negligence**

In Nevada,

> [t]o prevail on a negligence theory, the plaintiff generally must show that: (1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an *actual* cause of the plaintiff's injury; (4) the breach was the *proximate* cause of the injury; and (5) the plaintiff suffered damage.

<u>Perez v. Las Vegas Med. Ctr.</u>, 805 P.2d 589, 590-91 (Nev. 1991).

**C. Local Rule 7-2(d)**

"[F]ailure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

**II. Analysis**

Plaintiff fails to oppose any factual or legal claim made by Defendant, constituting consent to the granting of the motion under Local Rule 7-2(d). Further, there appears to be no dispute of material fact that Plaintiff cannot make out his claim of negligence against Defendant. Defendant is a wholly owned subsidiary of Target Corporation, performing corporate administrative functions such as legal support, human resources, etc. (#19, Ex. C). It is undisputed that Defendant has no role or responsibilities as to the actual operation and

management of the store, and therefore no duty to Plaintiff. Further, even if Defendant had a duty to Plaintiff, it is undisputed that Defendant, who has no responsibilities for the management and operation of the physical facility, did not breach that duty.

**III. Conclusion**

    Accordingly, the Motion for Summary Judgment (#19) filed by Target Corporate Services, Inc., is **HEREBY GRANTED**.

DATED this 22nd day of August 2014.

_____
Kent J. Dawson
United States District Judge