UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEFFREY KELLY, | Case No. 2:13-CV-1859-KJD-NJK |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION, et al., | |
| Defendants. | |

Before the Court is a Motion for Summary Judgment (#20) filed by Defendants Target Corporate Services, Inc., and Target Corporation. This motion is moot as to Target Corporate Services, Inc., as summary judgment has already been granted in favor of this Defendant (#29). Plaintiff opposed the Motion (#23) and Defendants replied (#28).

**I. Background**

This case stems from a slip and fall accident at a Target store. The undisputed facts are as follows: A woman entered the Target location, and brought her cart to an end-cap containing bottled water. She selected three cases of water and placed them in her cart, and then walked away without her cart for a little more than a minute. Upon her return, she left with the cases of water. Substantial foot traffic continued through the area for the next two minutes, when a customer slipped. The customer who slipped returned with a vendor from 7-Up within about a minute, who theoretically attempted to contact Target personnel regarding the water on the floor. Plaintiff slipped and fell in a different puddle of water further up the aisle within about 90

seconds of the first slip, and about three and a half minutes after the customer removed the cases of water. A Target employee determined that there was water in multiple locations between where the cases of water had been loaded and where the guest with the cases of water was eventually located. More than 15 minutes after loading those cases of water, the same guest returned one case of water, and left with a different case. A representative from Pepsi Co. was responsible for stocking the endcap with the cases of water (#28 at Ex. A). Lastly, although disputed with circumstantial evidence, the affidavits before the Court indicate that no employees were aware there was water on the floor until after Plaintiff fell (#20, Ex. E, ¶9).

**II. Legal Standards**

    **A. Summary Judgment**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials of the record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once that burden is met, the nonmoving party then has the burden of setting forth specific facts demonstrating that a genuine issue exists. See Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e). Mere "metaphysical doubt as to the material

facts" is not enough. Matsushita, 475 U.S. at 586. If the nonmoving party fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.

**B. Negligence**

In Nevada, "The owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993).

> To prevail on a negligence theory, the plaintiff generally must show that: (1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an *actual* cause of the plaintiff's injury; (4) the breach was the *proximate* cause of the injury; and (5) the plaintiff suffered damage.

Perez v. Las Vegas Med. Ctr., 805 P.2d 589, 590-91 (Nev. 1991). Further,

> Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it.

Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322-23 (Nev. 1993) (internal citations omitted)

**III. Analysis**

Defendants petition this Court for summary judgment, on the grounds that Defendants did not breach their duty to Plaintiff as they 1) did not cause the water to be on the floor, 2) did not have actual notice of the water on the floor, and 3) did not have constructive notice of the water on the floor. The Court will address each of these arguments in turn.

///

///

///

///

**A. Direct Causation**

To begin, it is unclear whether the bottles were leaking prior to being loaded into the customer's shopping cart. No meaningful evidence has been provided on this issue.[1] Accordingly, Defendants have not met their burden of showing that there is no genuine question as to this material fact, and summary judgment is denied as to this theory.[2] This question of fact is best left to a jury.

**B. Actual Notice**

Plaintiff argues that Target was on actual notice of the water on the floor due to another customer slipping 90 seconds before Plaintiff's slip and fall. First, Plaintiff presents no meaningful evidence of actual notice,[3] only inferring notice from ambiguous facts. Second, the Court finds that such a limited time period presents no meaningful opportunity to respond to this hazard which apparently had spread across the store, even if Target employees received actual notice. The standard above requires actual notice and a failure to remedy. These facts highlight that there was insufficient time to remedy the situation. As there is no genuine issue regarding this material fact, summary judgment is granted in favor of Defendants as to this theory.

**C. Constructive Notice**

Two alternative theories are presented here, first that the leak was a "slow leak," and therefore had been leaking for some time prior to the customer slipping, putting Defendants on constructive notice. The second theory is under the mode of operation approach where, in a self-service grocery store context, "the plaintiff satisfies the notice requirement if he establishes that

---

[1] It is also irrelevant whether the endcap was stocked by a Target employee or by a Pepsi Co. vendor as Defendant has not so much as argued that such a vendor is not an agent of Target while stocking the endcap.

[2] Plaintiff has suggested that the water was somehow caused by the nearby freezers. No evidence whatever has been presented to substantiate this theory. In contrast, there is strong evidence that the water came from one of the cases of water loaded (and subsequently returned) by a customer as discussed above. Accordingly, summary judgment is granted in favor of Defendants on this theory.

[3] The Court notes that while a Pepsi Co. vendor may be an agent of Target for the purposes of stocking an endcap, the Court assumes without deciding that the 7-Up vendor is not an agent of Target for purposes of responding to reports of unsafe conditions in the store, nor has Plaintiff argued that this vendor is such an agent.

4

an injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operation." FGA, Inc. v. Giglio, 278 P.3d 490, 496 (Nev. 2012). The Court will address each in turn.

### i. "Slow Leak"

No meaningful evidence has been introduced regarding the duration of the leak. The only information before the Court is that water was apparently spread across the store, trailing the customer who placed the case of water in her cart. This evidence is ambiguous at best. The Court finds that there remains a genuine question of material fact as to how long the water had been on the floor. Summary judgment is denied under this theory.

### ii. Method of Operation Approach

Nevada has adopted the mode of operation approach with regard to self-service stores. FGA, Inc., 278 P.3d at 497.

> The rationale underlying the mode of operation approach is that an owner of a self-service establishment has, as a cost-saving measure, chosen to have his customers perform tasks that were traditionally performed by employees. If a customer who is performing such a task negligently creates a hazardous condition, the owner is "charged with the creation of this condition just as he would be charged with the responsibility for negligent acts of his employees" because it was the owner's choice of mode of operation that created the risk.

Id. at 496. Thus, "the plaintiff satisfies the notice requirement if he establishes that an injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operation." Id. at 496.

The Court finds that there is a genuine issue of material fact regarding whether allowing customers to self-serve cases of water from an endcap creates a reasonably foreseeable dangerous condition of slipping and falling on water leaked from those cases onto the floor. Summary judgment is denied under this theory.

///

///

**IV. Conclusion**

  Accordingly, Defendants' Motion for Summary Judgment (#20) is **HEREBY DENIED** in part and **GRANTED** in part, in accordance with the above discussion.

DATED this 25th day of August 2014.

_____
Kent J. Dawson
United States District Judge