# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY KELLY, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:13-cv-01859-KJD-NJK |
| ) | |
| vs. ) | NOTICE TO TARGET |
| ) | CORPORATION AND ITS COUNSEL |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On September 24, 2014, United States District Judge Kent J. Dawson referred this matter to the undersigned for a settlement conference. Docket No. 31. On September 25, 2014, this Court scheduled a settlement conference to be held on October 15, 2014. Docket No. 32. That order outlined the requirements for attending the settlement conference, including the required attendance of a corporate representative "with binding authority to settle this matter up to the full amount of the claim or last demand made." *See id.* at 1 (emphasis in original). It became clear at the settlement conference that Defendant's counsel failed to comply with this order and, instead, arranged for the attendance of a representative with a predetermined settlement authority below the full amount of the claim. Because on a previous occasion Defendant failed to bring a representative with full settlement authority, *see Diana Hazim v. Target Corporation*, 2:12-cv-0448-MMD-CWH, Docket No. 16 (March 5, 2013) (early neutral evaluation), the Court issues this notice to ensure that this problem does not arise again in the future.

   As an initial matter, Defendant's counsel insisted that the undersigned magistrate judge is the only judge to require attendance at a settlement conference by a representative with settlement

authority "up to the full amount of the claim or the last demand made." Defendant's counsel asserted that he and his colleagues at his law firm were puzzled by this novel language. Far from being a novel or new requirement, however, this language appears in substantially the same form in the standard settlement conference orders issued by every other magistrate judge in this courthouse, including in orders issued to Defendant and Defendant's counsel in other cases for several years. *E.g.*, *Clifford Pages v. Target Corporation*, 2:12-cv-0394-APG-GWF, Docket No. 22 (June 5, 2013) (Foley, J.) (requiring attendance by representative with "binding authority to settle this matter up to the full amount of the claim or last demand made"); *Marsha Elliot v. Target Corporation*, 2:11-cv-1215-JCM-RJJ, Docket No. 30 (November 15, 2012) (Johnston, J.) (requiring attendance by representative with "binding authority to settle this matter up to the full amount of the claim"); *Jaci Ferrerya v. Target Corporation*, 2:10-cv-1870-KJD-CWH, Docket No. 36 (December 30, 2011) (Hoffman, J.) (requiring attendance by representative with "binding authority to settle this matter up to the full amount of the claim or last demand made"); *Maria Zapata v. Target Corporation*, 2:10-cv-0680-RLH-LRL, Docket No. 31 (June 30, 2011) (Leavitt, J.) (requiring attendance by representative with "binding authority to settle this matter up to the full amount of the claim or most recent demand"); *see also Farangis Rahbari v. Wynn Las Vegas*, 2:12-cv-1964-APG-VCF, Docket No. 27 (October 22, 2013) (Ferenbach, J.) (requiring attendance by representative with "binding authority to settle this matter up to the full amount of the claim or most recent demand"); *Kelly Manteris v. Wal-Mart Stores, Inc.*, 2:11-cv-0045-PMP-PAL, Docket No. 77 (December 7, 2011) (Leen, J.) (requiring attendance by representative with "binding authority to settle this matter up to the full amount of the claim or last demand made"). Indeed, this language has appeared in orders from this District since at least 2006. *See, e.g.*, *Doughtery v. Univ. & Cmty. College Sys. of Nev.*, 2006 U.S. Dist. Lexis 42674, *2 (D. Nev. June 23, 2006) (Cooke, J.) (requiring attendance by representative with "**binding authority to settle this matter up to the full amount of the claim**" (emphasis in original)).

Defendant's counsel and Defendant's representative also questioned how they could be non-compliant with the Court's order, as they discussed a valuation of the case in Defendant's offices

prior to the settlement conference and set the representative's authority at that amount.[1] "The Court fails to see any reasonable interpretation of the term 'up to the full amount of the claim' to mean a party's own valuation of the claim. By [that] logic, [Defendant's counsel] could have appeared at the settlement conference with a representative with *no settlement authority* because Defendant believes strongly that it will prevail on its claims." *Wilson v. KRD Trucking West*, 2013 WL 836995, *3 (D. Nev. Mar. 6, 2013) (emphasis in original). Obviously, that interpretation is not, and cannot be, compliant with the Court's order.

Defendant's counsel and representative fail to appreciate a primary reason the Court utilizes its resources to conduct settlement conferences, namely that the information and points of view exchanged between the parties and the assigned judge during the settlement conference may well impact *how* parties value the case. For example, in affirming sanctions where a party failed to attend a settlement conference with a representative with proper authority and instead such a representative was available by telephone, the Eighth Circuit explained that:

> [t]o require other parties to attend a mediation where the individual who is participating as the corporate representative is so limited, and cannot be affected by the conversation [during the mediation], is to in effect negate that ability of that mediation to in any way function, much less be successful.... [T]he mediation has very limited effect if the only opportunity for the decision-maker to participate in a mediation is the summary provided by counsel over the telephone, rather than participation in the mediation itself.

*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001) (quoting district court transcript). Succinctly stated, "the problem [is] not the rank of the corporate representative but the corporate representative's ability to meaningfully participate in the ADR conference *and to reconsider the company's position on settlement at that conference*." *Id.* at 596 n.4 (emphasis added). Obviously, parties are free to place a value on their cases, but they cannot appear at a settlement conference without a representative able to reevaluate the predetermined valuation based on the information exchanged at the settlement conference.

---

[1] At the same time, Defendant's counsel acknowledged that a jury verdict could be well above the settlement authority possessed by Defendant's representative, and Defendant's court filings assert that the amount in controversy exceeds the settlement authority possessed by Defendant's representative during the settlement conference.

Lastly, to the extent Defendant's counsel did not believe it would be fruitful to have a representative with full settlement authority attend the settlement conference, the proper course is to request an exception to the Court-ordered attendance requirements. *See* Docket No. 32 at 1-2 (outlining procedure for requesting an exception to the personal attendance requirements).

In this particular case, the parties were able to reach a settlement notwithstanding Defendant's representative's lack of full settlement authority. Nonetheless, the Court outlines these requirements to ensure that Defendant does not appear at settlement conferences without a representative with proper authority in the future. Defendant and Defendant's counsel are cautioned that such violations may result in the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 16(f).

IT IS SO ORDERED.

DATED: October 15, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge